UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HORUS EXPRESS TRUST, ON BEHALF OF
DENNIS-CLARENCE/CORKSCREW NY
INC.,

                    Plaintiff,                                    25-CV-8132 (LTS)

          -against-                                              ORDER OF DISMISSAL

AMERICAN EXPRESS COMPANY, ET AL.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 10, 2025, the Court directed Plaintiff, within thirty days, to submit a completed amended request to proceed *in forma pauperis* ("IFP") or pay the $405.00 in fees required to file a civil action in this court.[1] That order specified that failure to comply would result in dismissal of the complaint. Plaintiff has not filed an amended IFP application or paid the fees. Accordingly, the complaint is dismissed without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] The complaint states that it was filed by Horus Express Trust "on behalf of" Clarence Dennis and Corkscrew NY Inc. (ECF 1, at 1.) However, an artificial entity, such as a trust, cannot proceed *pro se*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)). Furthermore, a nonlawyer can only represent his own interests in federal court. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)). Horus Express Trust, therefore, cannot proceed *pro se* and Plaintiff Dennis cannot assert claims on behalf of the trust or Corkscrew NY, Inc. Because Plaintiff Dennis signed the complaint, the Court construes the complaint as being filed by Plaintiff Dennis on his own behalf.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   December 1, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge